■ RICHARD SILVER, Appellant, v SHERATON-SMITHTOWN INN, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), entered June 14, 1985 which, upon the defendant's motion to set aside the jury verdict, dismissed the complaint.

Judgment affirmed, with costs.

The facts in the instant action are undisputed. A sudden and unexpected altercation in a cocktail lounge of an inn between the plaintiff and another patron resulted in the plaintiff's being pushed into a shelf which held empty glasses that had been placed there by patrons, thereby resulting in injury to his left hand and arm. The sole issue is whether or not the plaintiff established a prima facie case of negligence against the owner of the cocktail lounge.

There is no legal duty to protect against an occurrence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against *(see, McKinney v New York Consol. R. R. Co.,* 230 NY 194). An innkeeper is required

to exercise reasonable care in protecting patrons from injury arising from reasonably anticipated causes. However, an unexpected altercation between patrons which results in injury is not a situation which could reasonably be expected to be anticipated or prevented. Accordingly, although innkeepers are required to exercise reasonable care in the protection of their patrons, they cannot be held to be insurers of the safety of those patrons *(see, Kuzmack v Walsh,* 8 Misc 2d 895).

Further, although proximate cause and foreseeability usually pose questions for the trier of fact, the conceded facts make this case "appropriate for the exercise of the trial court's screening function" *(Sheehan v City of New York,* 40 NY2d 496, 502; *Harbin v Harbin,* 218 NYS2d 308, *affd* 16 AD2d 696). As a matter of law, the altercation was the sole proximate cause of the injuries and the presence of the shelf and glasses merely furnished the condition for the event's occurrence and was not one of the causes of those injuries *(see, Sheehan v City of New York, supra).* Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.