■ MICHAEL LINDSKOG, Respondent, v SOUTHLAND RESTAURANT, INC., Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Hand, J.), entered March 14, 1989, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted and the complaint is dismissed.

The plaintiff was allegedly assaulted by an unidentified assailant shortly after he walked into the men's room of the defendant's restaurant. Following a brief altercation, the assailant allegedly struck the plaintiff on the head with a bottle and, while they were rolling on the ground, stabbed the plaintiff in the neck. The plaintiff also sustained injuries to his head and limbs during the incident, which lasted about one minute.

The defendant's motion for summary judgment dismissing the complaint was denied on the ground that there were factual issues requiring a trial, including, but not limited to, whether the defendant was negligent in maintaining security at the premises at the time of the alleged incident. We disagree and reverse.

A landowner has the duty to control the conduct of persons present on his premises when he has the opportunity to control or is reasonably aware of the necessity of such control (see, Huyler v Rose, 88 AD2d 755; Stevens v Kirby, 86 AD2d 391). There is no legal duty, however, "to protect against an occurrence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (Silver v Sheraton-Smithtown Inn, 121 AD2d 711). Such an unexpected altercation between patrons as occurred here "is not a situation which could reasonably be expected to be anticipated or prevented" (Silver v Sheraton-Smithtown Inn, supra, at 712; see, Campbell v Step/Lind Rest. Corp., 143 AD2d 111).

The mere fact that a single similar incident, involving different patrons, may have occurred in the defendant's restaurant approximately five months prior to the incident involved in this case does not, without more, establish that the defendant owed a duty to protect the plaintiff against such an unexpected and sudden assault (see, Pulka v Edelman, 40 NY2d 781, 782, citing Palsgraf v Long Is. R. R. Co., 248 NY 339, 342). Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.