■ PATRICIA A. HEAVLIN, Respondent, v PHILIP R. GUSH et al., Appellants, et al., Defendant. [602 NYS2d 721] —Mahoney, J. Appeal from an order of the Supreme Court (Ellison, J.), entered November 23, 1992 in Chemung County, which denied the motion of defendants Philip R. Gush and Gush's Thirsty Bear, Inc. for summary judgment dismissing the complaint against them.

In this action plaintiff seeks to recover against defendants Philip R. Gush (hereinafter Gush) and Gush's Thirsty Bear, Inc. (hereinafter the tavern) for personal injuries on theories of common-law negligence and violation of the Dram Shop Act *(see,* General Obligations Law § 11-101). The suit stems from an August 1990 incident when plaintiff was stabbed outside of the tavern premises by a fellow bar patron, defendant Donald W. Powers. Following joinder of issue but prior to conducting depositions of defendants, Gush and the tavern (hereinafter collectively referred to as defendants) moved for summary judgment. Supreme Court denied the motion, prompting this appeal.

An affirmance is in order. The record evidence submitted on the motion, namely plaintiff's deposition, establishes that prior to the altercation with plaintiff, Powers had been drinking whiskey, apparently was known to the tavern bartender to become belligerent when drinking whiskey and appeared, based upon his speech, conduct and overall demeanor, to be drunk. In addition, he had been disruptive throughout the evening, engaging in arguments with and harassing other patrons. When he tried to start a fight with another patron and management did not intercede, plaintiff went to the

patron's aid, causing Powers to start arguing with her. The argument continued for approximately 40 minutes, during which time it escalated from name calling to threats of violence to an actual assault. This entire display occurred on the tavern premises (inside and immediately outside) and in the presence of the tavern's bartender, who, again, made no effort to intervene.

In our view the foregoing evidence falls far short of establishing defendants' entitlement to judgment as a matter of law. In any event, it is replete with factual issues regarding whether (1) under the circumstances, defendants had reasonable cause to anticipate Powers' assaultive acts and the probability of injury resulting therefrom so as to constitute a breach of their common-law duty to control the conduct of persons on the premises *(see, D'Amico v Christie,* 71 NY2d 76, 85; *Marianne OO. v C & M Tavern,* 180 AD2d 998; *De Gelorm v Pelc,* 52 Misc 2d 336; *Shank v Riker Rests. Assocs.,* 28 Misc 2d 835, *affd* 15 AD2d 458; *cf., Garofalo v Henrietta Italia, Inc.,* 175 AD2d 580; *Lindskog v Southland Rest.,* 160 AD2d 842; *Lippman v Hines,* 138 AD2d 845), and (2) whether Powers actually or apparently was intoxicated when served so as to constitute a violation of the Dram Shop Act *(see, e.g., Terbush v Buchman,* 147 AD2d 826, 827). We likewise conclude that factual issues exist with regard to whether plaintiff, who was not the aggressor in this conflict, impliedly assumed the risk of injury by her actions.

Finally, given the conflicting evidence regarding Gush's interest in the tavern, namely, his procurement of an insurance policy for the tavern premises for the period in question, naming himself as "d/b/a Gush's Thirsty Bear" and for which a $3,838 premium was charged for operation of the tavern, it cannot be said at this early juncture that he lacked the requisite possession and control of the tavern premises as a matter of law.

Weiss, P. J., Mikoll and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.