■ KAREN M. CITTADINO, Appellant, v LOUIS DEGIRONIMO, Doing Business as YESTERDAY's, Respondent, et al., Defendant. [604 NYS2d 387] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted the motion of defendant Louis DeGironimo, doing business as Yesterday's, for summary judgment dismissing plaintiff's causes of action asserted against Yesterday's under General Obligations Law § 11-100 (1) and § 11-101 (1). Yesterday's established that it did not sell, furnish or assist in procuring any alcoholic beverages to or for codefendant Marie Pugliese (Pugliese) and that Pugliese was not intoxicated on the evening of the alleged altercation between plaintiff and Pugliese on Yesterday's premises *(see, Sherman v Robinson,* 80 NY2d

483). In opposition to Yesterday's motion, plaintiff failed to meet her burden of demonstrating the existence of a triable issue of fact whether Yesterday's sold or furnished to or assisted in procuring alcoholic beverages for Pugliese.

Supreme Court erred, however, in dismissing plaintiff's cause of action predicated on common-law negligence. Innkeepers have a duty to exercise reasonable care in protecting patrons from injury arising from reasonably anticipated causes *(see, Silver v Sheraton-Smithtown Inn,* 121 AD2d 711, 711-712; *see generally, D'Amico v Christie,* 71 NY2d 76, 85-86). "In particular, they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" *(D'Amico v Christie, supra,* at 85).

Yesterday's tendered evidence that, when DeGironimo was told that Pugliese and her friends and plaintiff and her friends were engaged in an intense argument, he immediately acted to defuse the situation and escorted plaintiff and one of her friends from the premises. He did not observe an altercation between plaintiff and Pugliese. In opposition, however, plaintiff submitted evidence that contradicted DeGironimo's version of the incident. Plaintiff testified at an examination before trial that Pugliese acted in a "wild", "obnoxious", and "vulgar" manner for a period of time previous to the alleged altercation. Thus, an issue of fact was presented whether DeGironimo had the opportunity to control Pugliese's conduct and was reasonably aware of the need for such control *(see, Bartkowiak v St. Adalbert's R.C. Church Socy.,* 40 AD2d 306, 310; *cf., Silver v Sheraton-Smithtown Inn, supra,* at 712). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.