■ SANFORD CONRAD, Respondent, v BAYSIDE BOWLING AND RECREATION CENTRE, INC., Doing Business as AVANTI, Appellant, et al., Defendants. [619 NYS2d 637] —In an action to recover damages, *inter alia,* for personal injuries, the defendant Bayside Bowling and Recreational Centre, Inc., doing business as Avanti, appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated May 5, 1993, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff's allegation that his assailants were intoxicated, upon which his claim of a Dram Shop violation is predicated, is conclusory and unsubstantiated and thus insufficient to have created a triable issue of fact *(see, Village Bank v Wild Oaks Holding,* 196 AD2d 812).

The plaintiff's reliance on *Stevens v Kirby* (86 AD2d 391), in support of his claim of common-law negligence, is misplaced inasmuch as he was not a patron at the appellant's establishment. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.