■ ANTHONY R. SCOTTI, Respondent, v W.M. AMUSEMENTS, INC., Doing Business as ADVENTURELAND, Appellant. [640 NYS2d 617] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 30, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment is granted.

On appeal, the defendant contends that the Supreme Court erred in denying its motion for summary judgment because it could not have reasonably anticipated or prevented the assault on the plaintiff which took place at its amusement park. We agree. As a general rule, a landowner must exercise reasonable care to protect patrons on its property (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507), which includes the "duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie,* 71 NY2d 76, 84-85; *see also, Rivera v 21st Century Rest.,* 199 AD2d 14; *Lindskog v Southland Rest.,* 160 AD2d 842, 843). However, the landlord or owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults (*see, Rivera v 21st Century Rest., supra; Lindskog v Southland Rest., supra*).

In the case before us, the record reveals that the plaintiff was confronted by a group of youths who had just left the amusement park's roller coaster ride, and that one member of the group moved directly in front of the plaintiff. The plaintiff admittedly responded by laughing and telling this youth, "don't think about it. You're just a kid". Another member of the group then struck the plaintiff, and an altercation ensued. According to the plaintiff, only seconds elapsed between the time that he first noticed the group of youths, and the commencement of the altercation. Although the plaintiff theorizes that the operator of the roller coaster ride may have called him over to help eject the youths from the roller coaster, there is no evidence in the record to demonstrate that the assault upon

the plaintiff was anything other than spontaneous and unexpected. Under these circumstances, the defendant could not reasonably have been expected to anticipate or prevent the assault, and its motion for summary judgment should be granted (*see, Stevens v Spec, Inc.,* 224 AD2d 811; *Davis v City of New York,* 183 AD2d 683; *Lindskog v Southland Rest., supra).* Thompson, J. P., Joy, Krausman and Florio, JJ., concur.