■ SCOTT ELBA, Respondent, v BILLIE'S 1890 SALOON, INC., Appellant. [644 NYS2d 278] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated January 20, 1995, as denied the branches of its motion which were for summary judgment dismissing the plaintiff's causes of action sounding in common law negligence.

Ordered that the order is reversed, insofar as appealed from, on the law, with costs, and the branches of the defendant's motion which were to dismiss the plaintiff's causes of action sounding in negligence are granted and the complaint is dismissed in its entirety.

The plaintiff was allegedly injured in the defendant bar when he was elbowed in the nose by another patron involved in an altercation. At an examination before trial, the plaintiff estimated the number of persons in the bar at the time of the altercation to be 400 to 500. He described the crowd as mostly college aged and as having "boisterous and raucous fun." It is not disputed that the maximum legal occupancy of the bar was 144 persons. A witness for the defendant estimated the crowd to have been approximately 90 persons and described its demeanor as calm. The plaintiff sought to recover damages based

on, *inter alia,* common law negligence. We now dismiss the complaint.

The only evidence in the record is that the altercation at issue was an unexpected altercation between patrons. Even accepting the plaintiff's testimony to be correct, the mere fact that the bar was overcrowded and that the crowd was having "boisterous and raucous fun," is insufficient to raise a triable issue of fact as to whether the injury was foreseeable (*Silver v Sheraton-Smithtown Inn,* 121 AD2d 711; *see also, Lindskog v Southland Rest.,* 160 AD2d 842; *Campbell v Step/Lind Rest. Corp.,* 143 AD2d 111; *see also,* Annotation, *Tavernkeeper's Liability To Patron For Third Person's Assault,* 43 ALR4th 281). Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.