■ PAUL LANGUILLI, Respondent, v ARGONAUT RESTAURANT AND DINER, INC., Appellant, et al., Defendants. [648 NYS2d 139] —In an action to recover damages for personal injuries, the defendant Argonaut Restaurant and Diner, Inc., appeals from an order of the Supreme Court, Westchester County (Scarpino, J.), dated January 10, 1996, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff's cause of action against the appellant alleging a violation of the Dram Shop Act (General Obligations Law § 11-101), in that the codefendants were served alcoholic beverages while in a visibly intoxicated state, is conclusory and unsubstantiated and thus insufficient to create a triable issue of fact (see, Conrad v Bayside Bowling & Recreation Centre, 209 AD2d 467).

As for the plaintiff's causes of action sounding in common-law negligence, there was no evidence presented by the plaintiff of any indicators of an escalating situation between the plaintiff and his assailants such that it could be said that the owner was aware of the disturbance or that he could have anticipated it (cf., Cittadino v DeGironimo, 198 AD2d 801, 802; Heavlin v Gush, 197 AD2d 773; Matter of Bars R Us v New York State Liq. Auth., 192 AD2d 1050, 1051). Moreover, "[t]he

mere fact that a single similar incident, involving different patrons, may have occurred in the defendant's restaurant approximately [eight] months prior to the incident involved in this case does not, without more, establish that the defendant owed a duty to protect the plaintiff against such an unexpected and sudden assault." *(Lindskog v Southland Rest.,* 160 AD2d 842, 843.) Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.