■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GIZA, Appellant. [665 NYS2d 363] —Judgment unanimously affirmed (*see, People v Saunders*, 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Niagara County Court, Fricano, J.—Forgery, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.

■ RONALD A. WILLIAMS, Appellant, v TEDAVE ENTERPRISES, INC., Also Known as CHECKER'S, Respondent, et al., Defendant. [662 NYS2d 913] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the complaint against TeDave Enterprises, Inc., also known as Checker's (defendant). Although a landowner has a duty to control the conduct of persons on his premises when he has the opportunity to control or is reasonably aware of the necessity to control (*see, Lindskog v Southland Rest.*, 160 AD2d 842, 843; *Huyler v Rose*, 88 AD2d 755, *appeal dismissed* 57 NY2d 777), "[t]here is no legal duty to protect against an occurrence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (*Silver v Sheraton-Smithtown Inn*, 121 AD2d 711). The alleged assault against plaintiff was "an unexpected altercation between patrons" (*Lindskog v Southland Rest., supra*, at 843) and was "not a situation which could reasonably be expected to be anticipated or prevented" (*Silver v Sheraton-Smithtown Inn, supra*, at 712).

Plaintiff's reliance on *Cittadino v DeGironimo* (198 AD2d 801) is misplaced. There, the conduct of the assailant was more pronounced and violent than the brief shouting match described by plaintiff.

The court also properly dismissed the Dram Shop cause of action; defendant met its initial burden and plaintiff failed to come forward with evidence in admissible form to show that the assailant was visibly intoxicated or indeed had been served alcohol at the restaurant (*see, Costa v 1648 Second Ave. Rest.*, 221 AD2d 299). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.