■ CHRISTOPHER PULITANO, Appellant, v SUFFOLK MANOR CATERERS, INC., Respondent. [664 NYS2d 480] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County

(Underwood, J.), entered June 17, 1996, which, at the close of the plaintiff's case, granted the defendant's motion to dismiss the complaint for failure to establish a prima facie case.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff was a wedding guest at a reception held at the defendant's catering hall. Following the reception, the plaintiff became embroiled in a dispute with an individual who apparently was a guest at a second reception being held at the same facility. This other individual allegedly assaulted the plaintiff during an argument that erupted over the placement of a car which was blocking the plaintiff's car in the defendant's parking lot. The plaintiff alleged, *inter alia*, that the defendant was negligent in failing to provide adequate parking attendants to quickly move the cars of wedding guests out of the lot, and generally in failing to provide adequate security to prevent such altercations. At the close of the plaintiff's case, the Supreme Court granted the defendant's motion to dismiss the complaint. We affirm.

In deciding a motion pursuant to CPLR 4401 to dismiss a complaint for failure to make out a prima facie case, the court must view the evidence in the light most favorable to the plaintiff, giving it the benefit of every favorable inference (*see, Jiminez v Urban Universal Structures,* 174 AD2d 604). The court may grant such a motion only if there is no rational process by which a jury may find for the plaintiff (*see, Farrukh v Board of Educ.,* 227 AD2d 440).

The defendant's general duty to prevent the risk of foreseeable injuries (*see, Basso v Miller,* 40 NY2d 233) was not breached under the circumstances at bar. There was no proof that the defendant's employees were aware of any situation requiring their intervention (*see, Scotti v W.M. Amusements,* 226 AD2d 522). Rather, the plaintiff's evidence merely demonstrated that the plaintiff was injured as a result of a spontaneous and unexpected criminal act of a third party for which the defendant may not be held liable (*see, Lee v Durow's Rest.,* 238 AD2d 384; *Scott v W.M. Amusements, supra; Lindskog v Southland Rest.,* 160 AD2d 842).

We agree with the plaintiff's contention that the court improvidently precluded the testimony of his recently retained expert witness (*cf., Peck v Tired Iron Transp.,* 209 AD2d 979). However, we conclude that the testimony of this expert security consultant, which was proffered outside of the jury's presence, and which was to the effect that cars should be promptly provided to patrons who have been served alcohol because such

patrons have less patience than those who have not consumed alcohol, was insufficient to demonstrate forseeability or proximate causation and would not have helped the plaintiff establish a prima facie case of negligence.

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.