■ Gerard Panzera, Appellant, v Johnny's II et al., Respondents, et al., Defendants. [678 NYS2d 336] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated August 4, 1997, as granted that branch of the cross motion of the defendants Johnny's II, 8122 Realty Corp., John Caime, and Barbara Caime which was for summary judgment dismissing the causes of action sounding in common-law negligence insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the respondents' cross motion which was to dismiss the cause of action against them based on the negligent failure to maintain security and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Gerard Panzera and his brother Michael were shot by the defendant Francesco Nicoletta in the men's room of a bar on premises owned and operated by the defendants Johnny's II, 8122 Realty Corp., John Caime, and Barbara Caime (hereinafter collectively referred to as the Caime defendants). The plaintiff alleged that Nicoletta was visibly intoxicated and belligerent when the bartender served him additional drinks. In addition, the plaintiff alleged that Nicoletta made threats against him in the presence of the bartender. The bartender asked Michael Panzera, an off-duty police officer, to intervene because Nicoletta was acting belligerently, and Nicoletta subsequently left the premises. However, Nicoletta returned a short time later and shot the Panzera brothers. According to Michael Panzera, the bartender ignored his requests, on three occasions prior to the shooting, to telephone the police for assistance.

In his complaint, the plaintiff alleged a cause of action against the Caime defendants based on the Dram Shop Act (General Obligations Law § 11-101) and additional causes of action sounding in common-law negligence in which he alleged, *inter alia,* that the Caime defendants failed to properly hire and train their employees and failed to protect the safety of patrons. The Supreme Court granted that branch of the cross

motion of the Caime defendants which was to dismiss those causes of action sounding in common-law negligence but denied that branch of their cross motion which was to dismiss the cause of action based on the Dram Shop Act.

We conclude that the Supreme Court erred in dismissing the plaintiff's cause of action based on allegations that the Caime defendants failed in their duty to exercise reasonable care to protect patrons on their property. A landowner's duty includes the "duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie,* 71 NY2d 76, 85; *see also, Scotti v W.M. Amusements,* 226 AD2d 522). Here, there are questions of fact as to whether the Caime defendants should have been aware of the need to control Nicoletta's conduct and whether they had the opportunity to do so (*see, e.g., Cittadino v DeGironimo,* 198 AD2d 801; *Heavlin v Gush,* 197 AD2d 773) or whether the shooting was an unforeseeable and unexpected assault, against which the Caime defendants had no duty to protect the plaintiff (*see, Scotti v W.M. Amusements, supra; Silver v Sheraton-Smithtown Inn,* 121 AD2d 711).

The Supreme Court did not err, however, in dismissing the plaintiff's common-law negligence cause of action insofar as it was based on allegations that the Caime defendants were negligent in their hiring and training of employees. The conclusory allegations in the complaint were insufficient to establish a viable cause of action (*see, Moore v First Fed. Sav. & Loan Assn.,* 237 AD2d 956; *Richardson v New York Univ.,* 202 AD2d 295), and the plaintiff failed to set forth any facts in response to the motion of the Caime defendants for summary judgment which would raise a triable issue of fact as to this cause of action (*see, Zuckerman v City of New York,* 49 NY2d 557). Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.