■ RONNIE WILDER, Respondent, v NICKBERT INC. et al., Appellants, et al., Defendant. [678 NYS2d 766] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: At the outset, we note that this appeal was taken from an order that was superseded by an amended order. In the exercise of our discretion, we treat the appeal as taken from the amended order (*see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

Supreme Court erred in denying that part of defendants' motion for summary judgment dismissing the Dram Shop cause of action in this personal injury action arising from an altercation between plaintiff and another patron at a bar (*see,* General Obligations Law § 11-101; *see also,* Alcoholic Beverage Control Law § 65). Defendants met their initial burden of negating "the possibility that alcohol was unlawfully served to a visibly intoxicated person" (*Costa v 1648 Second Ave. Rest.,* 221 AD2d 299, 301; *see also, Sahr v Schmidli,* 236 AD2d 785), and plaintiff failed to submit any evidence that the patron with whom he had the altercation was visibly intoxicated. The court properly denied, however, that part of defendants' motion with respect to the negligence causes of action. Although defendants met their initial burden, plaintiff raised material issues of fact regarding the reasonableness of the actions of defendant John Wales, the bartender, in assessing the need for intervention between plaintiff and the other patron (*see, Cittadino v DeGironimo,* 198 AD2d 801). (Appeal from Amended Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.