■ Isabel DeCruz et al., Respondents, v McDonald's Guttierez Food Corp., Doing Business as McDonald's, et al., Appellants, et al., Defendants. [707 NYS2d 486] —In an action to recover damages for personal injuries, etc., the defendants McDonald's Guttierez Food Corp., d/b/a McDonald's, George Guttierez, Hector Urena, and Eric Guttierez appeal from an order of the Supreme Court, Kings County (Garson, J.), dated February 24, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

Only injuries that are foreseeable raise a duty to take reasonable preventive measures (see, Basso v Miller, 40 NY2d 233). The assault upon the plaintiffs at the appellants' restaurant was sudden and was not an act that the appellants could reasonably be expected to anticipate or prevent (see, Scotti v W.M. Amusements, 226 AD2d 522; Lindskog v Southland Rest., 160 AD2d 842; Silver v Sheraton-Smithtown Inn, 121 AD2d 711). After the appellants made out a prima facie case for summary judgment, the plaintiffs failed to present any evidence raising a triable issue of fact as to whether the risk of assault to the appellants' patrons by third parties was foreseeable, and whether the appellants violated a duty to take precautions to protect their patrons from that risk (see, Davis v City of New York, 183 AD2d 683).

We find no merit to the remaining contentions. Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.