■ LUCETTA SCALICE, Appellant, v KING KULLEN, Respondent, et al., Defendant. [710 NYS2d 632] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 5, 2000, which granted the motion of the defendant King Kullen for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when another customer attacked her after a verbal altercation with a store clerk in the defendant King Kullen's supermarket. While the owner of a public establishment has the duty to control the conduct of persons on its premises when it has the opportunity to do so and is reasonably aware of the need for such control (*see, D'Amico v Christie,* 71 NY2d 76; *Lindskog v Southland Rest.,* 160 AD2d 842), it has no duty to protect customers against an unforseen and unexpected assault (*see, Scotti v W.M. Amusements,* 226 AD2d 522).

Here, the assault on the plaintiff was sudden and unexpected as it followed an argument between the customer and the clerk, not the plaintiff. There was no evidence presented to raise a triable issue of fact as to whether the risk of the assault against

the plaintiff was foreseeable. There is no proof of any escalating situation between the plaintiff and her assailant such that the respondent's employee should have reasonably anticipated or prevented the attack (see, Woolard v New Mohegan Diner, 258 AD2d 578; Languilli v Argonaut Rest. & Diner, 232 AD2d 375). The attack upon the plaintiff was a spontaneous and unexpected criminal act of a third party for which the respondent may not be held liable (see, Pulitano v Suffolk Manor Caterers, 245 AD2d 279; Scotti v W.M. Amusements, supra; Lindskog v Southland Rest., supra). Bracken, J. P., Joy, Friedmann and Schmidt, JJ., concur.