■ FRANK CUTRONE, Appellant, v MONARCH HOLDING CORP. et al., Respondents, et al., Defendant. [749 NYS2d 280] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered July 20, 2001, as granted that branch of the motion of the defendants

Monarch Holding Corp. and Rapid Fire Arena which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a spectator at a tournament roller hockey game, allegedly sustained injuries when he was assaulted by the defendant Christopher Ruggiero. The roller hockey rink was owned and operated by the defendants Monarch Holding Corp. and Rapid Fire Arena (hereinafter collectively Rapid Fire). Ruggiero, a player in the tournament, was sitting in the bleachers after he had been ejected from the game when suddenly and without provocation, he began yelling at the plaintiff. Ruggiero then jumped down from the bleachers, threw a garbage can in the plaintiff's direction, and immediately ran 15 to 20 feet to him. The plaintiff testified that Ruggiero then hit him in the back with a hockey stick, knocked out his tooth by punching him in the mouth, and struck his head and back several times with a metal folding chair. There was no evidence of any other interaction between the plaintiff and Ruggiero prior to the assault, nor was there any evidence of similar prior incidents at the arena. The plaintiff claims that Rapid Fire's failure to provide adequate security personnel and to take adequate steps to control and protect the spectators was negligent and the proximate cause of his injuries.

While landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property, an owner's duty to control the conduct of persons on its premises arises only when it has "the opportunity to control such persons and [is] reasonably aware of the need for such control" (*D'Amico v Christie,* 71 NY2d 76, 85; *see Lindskog v Southland Rest.,* 160 AD2d 842, 843). Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults (*see Scalice v King Kullen,* 274 AD2d 426; *Woolard v New Mohegan Diner,* 258 AD2d 578; *Scotti v W.M. Amusements,* 226 AD2d 522), nor is it an insurer of its patrons' safety (*see Silver v Sheraton-Smithtown Inn,* 121 AD2d 711).

The movants demonstrated that the plaintiff was injured "as a result of a spontaneous and unexpected criminal act of a third party for which the defendant may not be held liable" (*Pulitano v Suffolk Manor Caterers,* 245 AD2d 279, 280), and the plaintiff failed to raise a triable issue of fact in opposition. The circumstances of this case do not present a situation in which Rapid Fire's employees could reasonably have been expected to anticipate or prevent Ruggiero's assault of the

plaintiff (*see Scalice v King Kullen, supra*; *Woolard v New Mohegan Diner, supra*; *Pulitano v Suffolk Manor Caterers, supra*; *Languilli v Argonaut Rest. & Diner*, 232 AD2d 375). Thus, the Supreme Court correctly granted Rapid Fire's motion for summary judgment dismissing the complaint insofar as asserted against them. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.