OPINION OF THE COURT
Per Curiam.
Order entered February 11, 2002 affirmed, with $10 costs.
*660 Plaintiff allegedly was injured while attending a New York Rangers hockey game during an altercation with another spectator. Summary judgment dismissing plaintiffs common-law negligence cause of action against defendant Madison Square Garden Center was properly granted, since the record evidence, including the parties’ deposition testimony, shows only that the altercation at issue was a spontaneous and unexpected event (see, Elba v Billie’s 1890 Saloon, 227 AD2d 438 [1996]; Scotti v W.M. Amusements, 226 AD2d 522 [1996]; see also, Daniels v Manhattan & Bronx Surface Tr. Operating Auth., 261 AD2d 115 [1999], lv denied 93 NY2d 815 [1999]). In the face of defendant’s prima facie showing that it undertook reasonable security measures, including its deployment throughout the arena of over 80 “patrolling” and other security personnel, plaintiffs conclusory and unsubstantiated allegation that defendant failed to adequately protect him from the other spectator’s aggression is insufficient to raise a triable issue. Absent from the record is any evidence that defendant’s security guards knew or should have known that the underlying altercation was imminent or that plaintiff was faced with any foreseeable risk of danger. Indeed, “[i]t is difficult to understand what measures could have been undertaken to prevent plaintiffs injury except presumably to have had a security officer posted at the precise location where the incident took place * * *, surely an unreasonable burden.” (Florman v City of New York, 293 AD2d 120, 127 [2002].)
To the extent that the vaguely-stated allegations of plaintiffs bill of particulars can be read to assert a Dram Shop cause of action (General Obligations Law § 11-101) and assuming that such allegations were properly raised by plaintiff in opposing summary judgment (compare, David v New York City Hous. Auth., 284 AD2d 169 [2001], with Lewis v New York City Hous. Auth., 237 AD2d 414 [1997]), the record, which contains no evidence that defendant’s employees actually served any alcoholic beverages to plaintiffs assailant, provides no basis for liability under that theory (see, Pizzaro v City of New York, 188 AD2d 591, 594 [1992], lv denied 82 NY2d 656 [1993]).
Suarez, P.J., Davis and Gangel-Jacob, JJ., concur.