■ JOAN KENNER, Respondent, v T.J. MAXX, Appellant. [759 NYS2d 390] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Glover, J.), dated March 14, 2002,

which denied its motion for summary judgment dismissing the complaint. The appeal brings up for review an order of the same court, dated May 28, 2002, which denied its motion, in effect, for leave to renew (*see* CPLR 5517 [b]).

Ordered that the order dated May 28, 2002, is reversed, on the law, the motion for leave to renew is granted, upon renewal, the order dated March 14, 2002, is vacated, the motion for summary judgment dismissing the complaint is granted, and the complaint is dismissed; and it is further,

Ordered that the appeal from the order dated March 14, 2002, is dismissed as academic in light of our determination upon review of the order dated May 28, 2002; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff commenced this action to recover damages for injuries she received when she was assaulted inside one of the defendant's stores. The Supreme Court denied the defendant's motion for summary judgment upon a finding that it was untimely pursuant to CPLR 3212 (a). The Supreme Court subsequently denied the defendant's motion, in effect, for leave to renew its motion for summary judgment. The Supreme Court erred in denying the defendant's motion, in effect, for leave to renew. The defendant submitted evidence that the Supreme Court had issued a previous order which stated that the defendant had until 120 days after the completion of discovery to file a motion for summary judgment, and presented evidence that discovery was not completed because, inter alia, the plaintiff had failed to appear for her independent medical examination. Additionally, the defendant sufficiently established that there was a reasonable justification as to why this factor was not raised in the original motion, since it was reasonable to presume that a court would be aware of its own orders. Accordingly, the defendant's motion for leave to renew should have been granted (*see Rizzotto v Allstate Ins. Co.,* 300 AD2d 562 [2002]; *Malik v Campbell,* 289 AD2d 540 [2001]).

Furthermore, the defendant was entitled to summary judgment upon the merits of the original motion. The defendant established its entitlement to judgment as a matter of law by demonstrating that it had no notice of any prior similar incidents such that it should have anticipated the assault and taken additional steps to protect the plaintiff (*see Cutrone v Monarch Holding Corp.,* 299 AD2d 388 [2002]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In response, the plaintiff failed to raise an issue of fact regarding whether the assault was a foreseeable occurrence (*see Cutrone v Monarch Holding Corp., supra; Scalice v King Kullen,* 274 AD2d 426

[2000]). Accordingly, the defendant's motion for leave to renew should have been granted, and upon renewal, the motion for summary judgment granted and the complaint dismissed. Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.