■■ MAUREEN KAIN, Respondent, v MELLO J. TESTA, Doing Business as CLUB NEW YORK, Appellant, et al., Defendants. [801 NYS2d 640]—

Appeal from an order of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered December 20, 2004 in a personal injury action. The order denied the motion of defendant Mello J. Testa, doing business as Club New York, for summary judgment dismissing the amended complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the second cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained at a night club owned by Mello J. Testa (defendant). Supreme Court properly denied that part of defendant's motion for summary judgment dismissing the negligence cause of action inasmuch as defendant failed to meet his initial burden of establishing his entitlement to judgment as a matter of law with respect to that cause of action (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although defendant submitted his deposition testimony in which he asserted that he was unaware that any of his patrons were planning to cause a disturbance, he also submitted the deposition testimony of a patron who overheard other patrons that evening discussing the fact that a disturbance would occur. On the record before us, there are issues of fact whether defendant, as the owner of the premises, had the opportunity to control the conduct of the patrons on his premises and was reasonably aware of the necessity to control their conduct and, if

so, whether he breached his duty to control their conduct (*see Williams v TeDave Enters.*, 242 AD2d 861 [1997]; *Cittadino v DeGironimo*, 198 AD2d 801, 802 [1993]; *see also Lindskog v Southland Rest.*, 160 AD2d 842, 843 [1990]; *Huyler v Rose*, 88 AD2d 755 [1982], *appeals dismissed* 57 NY2d 777 [1982]; *Stevens v Kirby*, 86 AD2d 391, 394 [1982]).

We further conclude, however, that the court erred in denying that part of defendant's motion seeking summary judgment dismissing the cause of action alleging that defendant violated General Obligations Law § 11-101. Because the identity of the patrons who upended the pool table onto plaintiff's legs is unknown, plaintiff will be unable to establish in support of that cause of action that the particular patrons were underage or intoxicated (*see Furio v Palm Beach Club*, 204 AD2d 1053, 1054 [1994]). Moreover, because the identity of any such patrons is unknown, no " 'reasonable or practical connection' between the sale of alcohol and the resulting injuries" can be established by plaintiff (*Catania v 124 In-To-Go, Corp.*, 287 AD2d 476, 477 [2001], *lv dismissed* 97 NY2d 699 [2002]). We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.