■ DAVID WOLF, Appellant, v CHASTITY PAXTON-FARMER, Defendant, and 486 ELMWOOD AVENUE, INC., Doing Business as FAHERTY's, Respondent. [803 NYS2d 468]—

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered March 24, 2004. The order granted the motion of defendant 486 Elmwood Avenue, Inc., doing business as Faherty's, for summary judgment dismissing the complaint against it in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the fourth cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained in an incident at a bar owned and operated by defendant 486 Elmwood Avenue, Inc., doing business as Faherty's (Faherty's). Plaintiff, a patron of Faherty's, was struck in the face with a glass by another patron, defendant Chastity Paxton-Farmer. Supreme Court properly granted that part of Faherty's motion seeking summary judgment dismissing the Dram Shop Act cause of action (see General Obligations Law § 11-101; see also Alcoholic Beverage Control Law § 65 [2]). "The record is devoid of any evidence that [Paxton-Farmer] was visibly intoxicated" prior to the incident (Kelly v Fleet Bank, 271 AD2d 654, 655 [2000], lv denied 96 NY2d 702 [2001]), and the only evidence in the record with respect to her alcohol consumption at Faherty's is that she drank one full mixed drink and part of a second. Neither that evidence nor the conflicting evidence with respect to the length of time during which Paxton-Farmer was at Faherty's is sufficient to raise a triable issue of fact to defeat that part of Faherty's motion with respect to the Dram Shop Act cause of action (see Pizzaro v City of New York, 188 AD2d 591, 594 [1992], lv denied 82 NY2d 656 [1993]).

The court erred, however, in granting that part of Faherty's motion seeking summary judgment dismissing the fourth cause of action alleging negligence, and thus we modify the order accordingly. "Innkeepers have a duty to exercise reasonable care in protecting patrons from injury arising from reasonably anticipated causes" (*Cittadino v DeGironimo,* 198 AD2d 801, 802 [1993]). Faherty's failed to establish as a matter of law that the incident was extraordinary or one that could not reasonably be anticipated or prevented (*cf. Williams v TeDave Enters.,* 242 AD2d 861 [1997]). Rather, Faherty's own proof raises triable "issues of fact with respect to 'the length and intensity of the altercation before plaintiff sustained [his] injury' . . . and the reasonableness of [Faherty's] response thereto" (*Jayes v Storms,* 12 AD3d 1090, 1091 [2004]). Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.