■ CARMELA GLOVER, Respondent, v GEORGE AUGUSTINE, Defendant, and PONTE EQUITIES, INC., et al., Appellants. CARMELA GLOVER, Appellant, v GEORGE AUGUSTINE, Defendant, and PONTE EQUITIES, INC., et al., Respondents. [832 NYS2d 184]—

Orders, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 4, 2006, which, to the extent appealed from, denied defendants-appellants' motion for summary judgment insofar as it sought dismissal of plaintiff's causes of action for negligent hiring and negligent premises security, and

granted the motion of defendants-appellants' insofar as it sought a psychological examination of plaintiff, unanimously affirmed, without costs.

Inasmuch as the evidence of record shows that defendants-appellants employed defendant Augustine as an elevator operator without conducting a background check, even though they were aware that he had been convicted of a felony, a triable issue is raised as to whether Augustine was negligently hired. Indeed, a routine check would have revealed that Augustine had a lengthy criminal record, including convictions for sexual abuse in the first degree, and that he was a registered sex offender. Under these circumstances, it is not possible to conclude as a matter of law that Augustine's attack upon plaintiff, an office-worker in the building where Augustine was employed, was unforeseeable (see T.W. v City of New York, 286 AD2d 243, 245-246 [2001]; Brandt v Elghanayan, 242 AD2d 240 [1997]). Although defendants-appellants maintain that the negligent hiring cause of action must be dismissed because, pursuant to Correction Law § 752, they could not have denied Augustine employment by reason of his criminal convictions, that provision does not require employment involving "an unreasonable risk . . . to the safety or welfare of specific individuals or the general public" (subd [2]) and there is, at the very least, an issue of fact as to whether Augustine's hiring entailed such a risk (see T.W. v City of New York, 286 AD2d at 246).

Inasmuch as there are triable issues as to whether Augustine's attack upon plaintiff was forseeable, defendants-appellants' characterization of the attack as a sudden and spontaneous event for which they should not be held responsible, is unavailing as a basis for summary judgment (cf. Lindskog v Southland Rest., 160 AD2d 842 [1990]).

The court properly exercised its discretion in granting the request for a psychological examination of plaintiff. Plaintiff has claimed psychological injury from the attack and would not sustain cognizable prejudice by appearing for an examination (see Woods v Daniella Realty Corp., 15 AD3d 231 [2005]; May v American Red Cross, 282 AD2d 285 [2001]). Concur—Friedman, J.P., Buckley, Catterson and Malone, JJ.