*448 Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 23, 2012, which, in this action for personal injuries under the Dram Shop Act (General Obligations Law § 11-101) and in common-law negligence, denied the motion of defendants-appellants (collectively tavern) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Summary judgment was properly denied in this action where plaintiff alleged that he was injured when he was struck in the face by a visibly intoxicated patron of the Tavern on the sidewalk outside the premises. The record presents triable issues as to whether there was “some reasonable or practical connection” between the sale of alcohol to a visibly intoxicated patron and the resulting injuries (Adamy v Ziriakus, 231 AD2d 80, 88 [4th Dept 1997], affd 92 NY2d 396 [1998]). Although the tavern’s bartender stated that the subject patron did not appear to be visibly intoxicated, plaintiff testified to the contrary, and two other witnesses submitted affidavits stating that prior to the assault the patron had been served alcohol by the tavern while visibly intoxicated inasmuch as he was unsteady, aggressive and boisterous (see General Obligations Law § 11-101 [1]; Alcoholic Beverage Control Law § 65 [2]; McGovern v 4299 Katonah, 5 AD3d 239 [1st Dept 2004]). The record also raises issues as to whether appropriate security measures were taken after the tavern’s bartender allegedly diffused an initial confrontation between the patron and plaintiffs group while inside the bar (see Wilder v Nickbert Inc., 254 AD2d 819 [4th Dept 1998]; see also Panzera v Johnny’s II, 253 AD2d 864 [2d Dept 1998]).
Contrary to the tavern’s contention, the assault, if intentional, did not serve to sever potential liability under either the Dram Shop Act (see Catania v 124 In-To-Go, Corp., 287 AD2d 476 [2d Dept 2001], lv dismissed 97 NY2d 699 [2002]), or under a common-law negligence claim (see Wilder, 254 AD2d at 819; Panzera, 253 AD2d at 865). Furthermore, the fact that plaintiff, after the initial confrontation, later chose to walk over to where the patron and members of plaintiffs party were arguing outside the tavern’s front door, did not negate, as a matter of law, the duty on the Tavern’s part to keep the premises reasonably safe for its customers. Concur—Mazzarelli, J.E, Acosta, Saxe, Renwick and Clark, JJ.