■ GEMAL TAFSIOU, Appellant, v ARMS ACRES, Respondent.
[998 NYS2d 434]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated June 27, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Generally, landowners have a duty to maintain their premises in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others (*see Basso v Miller*, 40 NY2d 233, 241 [1976]). "In particular, they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]). A landowner has no duty to protect persons on its premises from unforseen and unexpected assaults, which the landowner could not have reasonably anticipated or prevented (*see Afanador v Coney Bath, LLC*, 91 AD3d 683, 684 [2012]).

Here, the plaintiff alleged that he was injured on the defendant's premises when a person who was involved in an altercation with another person fell on him. On its motion for summary judgment the defendant established that it could not have reasonably been expected to anticipate or prevent the subject incident, which occurred suddenly (*see Piazza v Regeis Care Ctr., L.L.C.*, 47 AD3d 551 [2008]; *Scalice v King Kullen*, 274 AD2d 426 [2000]). The plaintiff failed to raise a triable issue of fact in opposition to the defendant's establishment, prima facie, of its entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly granted the defendant's motion for

summary judgment dismissing the complaint. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.