# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**747**

**CA 15-02023**

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

AMIE E. WIRTH, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

WAYSIDE PUB, INC., DOING BUSINESS AS SMART'S
WAYSIDE INN, ROGER SPAIN, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, SYRACUSE (HEATHER K. ZIMMERMAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Cayuga County (Thomas
G. Leone, A.J.), entered August 6, 2015. The order granted the motion
of defendants Wayside Pub, Inc., doing business as Smart's Wayside Inn
and Roger Spain for summary judgment dismissing the complaint against
them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained on the premises of a restaurant and bar owned
by Wayside Pub, Inc., doing business as Smart's Wayside Inn, a close
corporation of which Roger Spain is the sole shareholder (defendants).
Plaintiff sustained her injuries in a fight involving her and her
companion against a group of customers that included plaintiff's
alleged assailant. The fight erupted as a result of preexisting
tension between plaintiff's companion and the alleged assailant.

We reject plaintiff's contention that Supreme Court erred in
granting defendants' motion for summary judgment dismissing the
complaint against them. It is well settled that restaurants and bars
have a duty to exercise reasonable care to protect their customers
from injuries arising from reasonably anticipated causes, including a
"duty to control the conduct of third persons on their premises when
they have the opportunity to control such persons and are reasonably
aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76,
85; *see Jayes v Storms*, 12 AD3d 1090, 1090-1091). A restaurant or bar
is not liable, however, for injury resulting from a fight between its
customers where the fight reasonably could not have been anticipated
or prevented (*see Williams v TeDave Enters.*, 242 AD2d 861, 861;

*Stevens v Spec, Inc.*, 224 AD2d 811, 812).  We conclude that defendants met their initial burden on their motion by establishing that they were not aware of the need to control the alleged assailant and did not have the opportunity to do so.  Plaintiff testified at her deposition that, until the moment the fight broke out, she and her companion stayed on the opposite side of the bar from the other group of customers, the two groups had little interaction other than occasional "staring," and any unpleasant interaction that did occur was subtle and fleeting.  Furthermore, defendants established that there was no evidence of past incidents involving plaintiff's alleged assailant of which they were aware.  We further conclude that plaintiff failed to raise an issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Notably, plaintiff's contention that defendants failed to follow their own internal staffing policies is belied by the record.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court