Stribing v Bill Gray's Inc. (2018 NY Slip Op 07566)





Stribing v Bill Gray's Inc.


2018 NY Slip Op 07566


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1019 CA 18-00032

[*1]KIMBERLY STRIBING, PLAINTIFF-APPELLANT,
v
BILL GRAY'S INC., DEFENDANT-RESPONDENT, AND SHANIQUA R. HARTFIELD, DEFENDANT. 






SHAW & SHAW P.C., HAMBURG (CHRISTOPHER M. PANNOZZO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN WALLACE, BUFFALO (ALYSON C. CULLITON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered October 10, 2017. The order granted the motion of defendant Bill Gray's Inc. seeking summary judgment dismissing plaintiff's complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained as a result of an assault by defendant Shaniqua R. Hartfield in the parking lot of a restaurant owned and operated by defendant Bill Gray's Inc. (defendant). Hartfield was defendant's employee and was at work on the day of the assault. Shortly before the assault, Hartfield's shift was terminated by defendant's manager because Hartfield was engaged in a loud and disruptive cell phone conversation while working. After being told that her shift was terminated, Hartfield was directed by defendant's manager to leave the premises. Hartfield changed out of her work uniform, clocked out, and left the restaurant building. While in the parking lot, Hartfield continued her loud and disruptive cell phone conversation. Defendant's manager sent an employee out to the parking lot to supervise the situation. Meanwhile, an unknown person had called 911 and sirens could be heard as police vehicles approached the restaurant. Plaintiff was seated in the outside dining area of the restaurant and signaled to Hartfield with what witnesses described as the "shush" sign. Hartfield responded by striking plaintiff in the head from behind. According to the deposition testimony of plaintiff's daughter, an eyewitness to the assault, the situation "escalated very quickly" and the assault happened "very fast." Defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion, and we affirm.
Contrary to plaintiff's contention, defendant established as a matter of law that the doctrine of respondeat superior is inapplicable because Hartfield was not acting within the scope of her employment at the time of the assault. The doctrine of respondeat superior renders an employer "vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]). Although the issue whether an employee is acting within the scope of his or her employment is generally a question of fact, summary judgment is appropriate "in a case such as this, in which the relevant facts are undisputed" (Carlson v Porter [appeal No. 2], 53 AD3d 1129, 1131 [4th Dept 2008], lv denied 11 NY3d 708 [2008]). Here, we conclude that defendant met its initial burden of establishing that Hartfield's assault of plaintiff was not committed in furtherance of defendant's business and was not within the scope of employment (see Burlarley v Wal-Mart Stores, Inc., 75 AD3d 955, 956-957 [3d Dept 2010]; Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO, 8 AD3d 1033, 1034 [4th Dept 2004], lv denied 4 NY3d 703 [2005]), and plaintiff failed to raise an issue of fact in opposition [*2](see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Contrary to plaintiff's further contention, defendant established as a matter of law that it is not liable under the theories of negligent hiring, retention, and supervision of Hartfield. It is well settled that a defendant may be held liable under those theories for the conduct of an employee only if the defendant knew or should have known of the employee's alleged violent propensities (see Ronessa H. v City of New York, 101 AD3d 947, 948 [2d Dept 2012]; Yeboah v Snapple, Inc., 286 AD2d 204, 205 [1st Dept 2001]). Here, we conclude that defendant met its initial burden by establishing that it neither knew nor should have known of Hartfield's alleged violent propensities, and plaintiff failed to raise an issue of fact in opposition (see generally Zuckerman, 49 NY2d at 562). We likewise conclude that, contrary to plaintiff's contention, the court properly granted defendant's motion with respect to plaintiff's claim that defendant was negligent under a theory of premises liability (see generally Wirth v Wayside Pub, Inc., 142 AD3d 1346, 1347 [4th Dept 2016]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court