■ SHANE TELFAIR, Appellant, v CITY OF NEW YORK et al., Defendants, and TAYAR BROKERAGE COMPANY, INC., Respondent. [690 NYS2d 706] —In an action, *inter alia,* to recover damages for wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated April 16, 1998, as granted that branch of the motion of the defendants Louis Grandelli and Tayar Brokerage Company, Inc., which was for summary judgment dismissing the complaint insofar as asserted against Tayar Brokerage Company, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that the defendant Tayar Brokerage Company, Inc. (hereinafter Tayar), failed to properly maintain operable locks on the front door of the apartment building in which the decedent resided and the front door of the decedent's apartment.

Tayar's moving papers established a prima facie case of entitlement to judgment as a matter of law. The burden then shifted to the plaintiff to raise a triable issue of fact that the

security at the building was negligently maintained and that the manager of the premises knew or should have known of previous criminal activity at the premises (*see, Jacqueline S. v City of New York,* 81 NY2d 288; *see also, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

The plaintiff failed to present evidence in admissible form that the lock on the decedent's apartment door was inoperable on the night he was attacked. The assailant's mode of entry apparently involved breaking in the apartment door, so any defect in that lock was not relevant to the issue of liability. Furthermore, the plaintiff failed to raise an issue of fact as to whether the security measures provided at the apartment were sufficient because the plaintiff presented no credible evidence that Tayar had actual or constructive notice of prior criminal activity on the building's premises (*see, Francis v Ocean Vil. Apts.,* 222 AD2d 551). Therefore, the Supreme Court properly granted summary judgment to Tayar (*see, Alvarez v Prospect Hosp., supra; Zuckerman v City of New York,* 49 NY2d 557). Sullivan, J. P., Krausman, Florio and Smith, JJ., concur.