■ Gennadiy Eyshinskiy, Respondent, v City of New York et al., Appellants-Respondents, New York City Housing Authority, Respondent-Appellant, et al., Defendant. [772 NYS2d 865]—

In an action to recover damages for personal injuries, the defendants City of New York and New York City Board of Education appeal from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated January 15, 2003, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant New York City Housing Authority cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, insofar as appealed and

cross-appealed from, on the law, with one bill of costs to the appellants-respondents and the respondent-appellant payable by the respondent, the cross motion and the motion are granted, the complaint and all cross claims insofar as asserted against the appellants-respondents and the respondent-appellant are dismissed, and the action against the remaining defendant is severed.

The defendant New York City Housing Authority (hereinafter the Housing Authority) established its entitlement to judgment as a matter of law by demonstrating that it provided security measures and that the criminal assault upon the plaintiff was not foreseeable as a matter of law (*see Miller v State of New York,* 62 NY2d 506 [1984]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507 [1980]; *M.D. v Pasadena Realty Co.,* 300 AD2d 235 [2002]; *Anzalone v Pan-Am Equities,* 271 AD2d 307 [2000]; *Telfair v City of New York,* 261 AD2d 607 [1999]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Acosta v MEC Realty,* 304 AD2d 778 [2003]; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149 [1999]). Accordingly, the Supreme Court should have granted the Housing Authority's motion for summary judgment.

The Supreme Court should have granted the unopposed cross motion of the defendants City of New York and New York City Board of Education since they established their entitlement to judgment as a matter of law by demonstrating that they did not owe a special duty to the plaintiff (*see Cuffy v City of New York,* 69 NY2d 255 [1987]; *Vitale v New York,* 60 NY2d 861 [1983]). Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.