■ KAREN WARD, Individually and as Parent and Natural Guardian of TYLER WARD, an Infant, Appellant, v PYRAMID COMPANY OF ONONDAGA, et al., Respondents. [784 NYS2d 266]—

Appeal from an order the Supreme Court, Onondaga County (Charles T. Major, J.), entered May 14, 2003. The order granted defendants' motion for summary judgment dismissing the amended complaint in a negligence action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the first and third causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff's then six-year-old son was sexually assaulted while using a bathroom at a shopping mall owned and operated by defendants. Following the criminal conviction of the assailant, plaintiff commenced this action alleging that defendants failed to provide reasonable protection to her son. Plaintiff alleged in the first cause of action that the lock on the bathroom stall used by her son was defective, thereby allowing the assailant to enter the stall. Plaintiff alleged in the second cause of action that the security provided by defendants was inadequate to protect her son from a foreseeable risk of harm. The third cause of action is derivative.

Defendants moved for summary judgment dismissing the amended complaint on the ground that no negligence on their part caused or contributed to the criminal assault on plaintiff's son. Supreme Court granted the motion, finding that "there was no evidence of notice to [d]efendants of the existence of a broken lock on a stall door . . . ." We conclude that the court erred in granting those parts of defendants' motion seeking dismissal of the first cause of action and, consequently, the third cause of action, and we therefore modify the order accordingly.

Although this action involves the criminal conduct of a third person, it is well established that "[a] landowner has a duty to take reasonable precautions to secure its premises if it knows or has reason to know from past experience that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of users of the premises" (*Di Ponzio v Riordan,* 224 AD2d 139, 142 [1996], *affd* 89 NY2d 578 [1997] [internal quotation marks omitted]; *see Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519 [1980]). Even assuming, arguendo, that defendants met their initial burden of establishing

that the attack on plaintiff's son was spontaneous and unexpected, we conclude that plaintiff raised a triable issue of fact whether a criminal sexual assault on defendants' property was foreseeable (*cf. Browne v GMRI, Inc.*, 6 AD3d 640 [2004]; *Cutrone v Monarch Holding Corp.*, 299 AD2d 388, 389-390 [2002]). Plaintiff submitted prior police reports involving sexual assaults on defendants' premises, including in the bathrooms, thereby raising an issue of fact whether defendants "knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises" (*Farrell v Vega*, 303 AD2d 716, 717 [2003]; *see Jacqueline S. v City of New York*, 81 NY2d 288, 294 [1993], *rearg denied* 82 NY2d 749 [1993]).

With respect to the first cause of action, we conclude that defendants did not establish as a matter of law that they were not negligent in failing to correct a defective condition. In support of their motion, defendants submitted the deposition testimony of plaintiff's son wherein he testified that his assailant entered through the door of the bathroom stall and that the lock on that stall was broken. Thus, in order to meet their initial burden, defendants had to establish, inter alia, that they lacked actual or constructive notice of the broken lock (*see generally Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Cardena v Alexander Wolfe & Co.*, 303 AD2d 313 [2003]; *St. Fleur v 2902 Cortleyou Ltd. Liab. Co.*, 300 AD2d 389 [2002]; *Telfair v City of New York*, 261 AD2d 607 [1999]), and defendants failed to establish their lack of constructive notice (*see e.g. Bailey v Curry*, 1 AD3d 1059 [2003]; *Pecore v City of Syracuse*, 298 AD2d 978, 979 [2002]).

With respect to the second cause of action, however, we conclude that defendants met their burden of establishing that they provided adequate security, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Security officers cannot be everywhere at once[, and] . . . '[i]t is difficult to understand what measures could have been undertaken to prevent [the] injury [to plaintiff's son] except presumably to have had a security officer posted at the precise location where the incident took place . . ., surely an unreasonable burden' " (*Maheshwari v City of New York*, 2 NY3d 288, 295 [2004], quoting *Florman v City of New York*, 293 AD2d 120, 127 [2002]). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.