■ In the Matter of ANTHONY DEMARTA, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [926 NYS2d 211]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review (1) a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule and (2) a determination which withheld one year of petitioner's good time allowance.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cocaine. He was found guilty of the charge following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. Thereafter, another determination was rendered withholding from petitioner one year of his good time allowance. This CPLR article 78 proceeding ensued.

Substantial evidence, consisting of the misbehavior report, positive urinalysis test results and related documentation, as well as the testimony adduced at the hearing, supports the determination finding petitioner guilty of violating the disciplinary rule prohibiting inmates from using controlled substances (*see Matter of Stanford v Fischer*, 77 AD3d 1013, 1013-1014 [2010]; *Matter of Frye v Commissioner of Correctional Servs.*, 69 AD3d 1074, 1074 [2010]). Moreover, we find no merit to petitioner's claim that he was improperly denied the right to call as a witness a physician who recommended that he take Lomotil, a drug he asserts caused a false positive reading on the drug test. Inasmuch as this physician did not actually prescribe the drug and was an outside provider who was not familiar with the testing apparatus, his testimony was irrelevant (*see Matter of Cepeda v Goord*, 39 AD3d 640, 641 [2007]; *Matter of Toney v Goord*, 26 AD3d 613, 614 [2006]). Notably, the nurse administrator who was familiar with petitioner's medical records and the testing apparatus testified that the amount of Lomotil consumed by petitioner would not have caused a false positive reading on the facility's testing equipment (*see Matter of Townes v Goord*, 14 AD3d 754, 755 [2005]). Petitioner's remaining contentions with regard to the disciplinary determination are either unpreserved for our review or are lacking in merit.

His claims regarding the determination withholding a portion of his good time allowance are rendered moot by his conditional release from custody during the pendency of this proceeding (*see Matter of Giersz v Goord*, 11 AD3d 831 [2004]; *Matter of Eades v Duncan*, 307 AD2d 503 [2003]). As such, that part of the amended petition must be dismissed.

Peters, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination finding petitioner guilty of violating a prison disciplinary rule is confirmed, without costs, and amended verified petition dismissed to that extent. Adjudged that that portion of the amended verified petition challenging the determination withholding one year of petitioner's good time allowance is dismissed, as moot, without costs.