Matter of Mellerson v Annucci (2019 NY Slip Op 02192)





Matter of Mellerson v Annucci


2019 NY Slip Op 02192


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

526936

[*1]In the Matter of DWAYNE MELLERSON, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Dwayne Mellerson, Marcy, appellant pro se.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Walsh, J.), entered June 6, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent withholding one year of good time allowance.
Petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination withholding one year of petitioner's good time allowance. Petitioner thereafter advised this Court that he was scheduled to be conditionally released to parole supervision in December 2018, and a review of the records of the Department of Corrections and Community Supervision confirms that petitioner was so released on December 6, 2018. Accordingly, given his conditional release during the pendency of this appeal, petitioner's challenge to respondent's determination withholding a portion of petitioner's good time allowance is moot (see Matter of Demarta v Prack, 85 AD3d 1475, 1476 [2011]; Matter of Giersz v Goord, 11 AD3d 831, 831 [2004]; Matter of Eades v Duncan, 307 AD2d 503, 503 [2003]; Matter of Walker v Senkowski, 260 AD2d 830, 831 [1999]).
Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.