■ WILLIAMS EVANS, SR., as Guardian ad Litem for WILLIAM EVANS, JR., an Adult Incapable of Adequately Prosecuting His Rights, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 64581.)—In a negligence claim to recover damages for personal injuries, the parties cross-appeal from a judgment of the Court of Claims (Lengyel, J.), entered July 24, 1984, which awarded claimant damages in the principal sum of $3,000.

Judgment modified, on the facts and as an exercise of discretion, by increasing the damage award to the principal sum of $10,000. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Court of Claims for entry of an appropriate amended judgment in accordance herewith.

Claimant's son, William, is a mentally retarded individual who suffers from epileptic seizures and has been institutionalized at the Rockland Psychiatric Center since 1956.

On June 23, 1980, William was attacked by another patient who repeatedly hit him over the head with a broom handle. William's attacker obtained the broom from a hallway outside of the dayroom, where both patients, along with several others, were present. The broom had been placed in the hallway by a staff member, who momentarily left it unattended while he went to obtain a mop bucket and water. A total of 11 patients were in the dayroom and they were under the general supervision of two staff members. Neither staff member was in the room at the time of the attack. William was taken to the emergency room at Nyack Hospital, where lacerations on his head were sutured. While in the emergency room, William suffered an epileptic seizure. After remaining in the hospital for four days, William was released with a final diagnosis of "cranial cerebral trauma and post traumatic seizures", and he returned to the psychiatric center. William's father instituted this claim to recover damages for the personal injuries sustained by William as a result of this incident. We agree with the Court of Claims that claimant properly sustained his burden of proof that this incident was foreseeable, and that it would not have happened but for the

negligence of the Rockland Psychiatric Center staff members, who were agents of the State.

The State is under a duty to protect its patients from injuries which may reasonably be foreseen *(see, Killeen v State of New York,* 66 NY2d 850). The exact nature of the injury need not be foreseeable, so long as some type of injury may reasonably be anticipated *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308).

The evidence demonstrated that the files of the Rockland Psychiatric Center contained sufficient information by which an attack by the patient in question upon William could have been foreseen. The records indicated that the attacker was an extremely dangerous individual with a history of homicidal tendencies. He was known to have previously been aggressive towards other patients, and several members of the staff were afraid of him. Most important, the records document that on a previous occasion, this patient had specifically threatened to kill William. Under these circumstances, leaving the broom unattended, even for a short period of time, coupled with simultaneously leaving the patients unsupervised in the day-room, amounted to negligence for which the State was liable.

The damages awarded were inadequate to the extent indicated. Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.