■ DAPHNE WHIDBEE, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant.—In a claim to recover

damages for personal injuries, etc., the claimant appeals and the State of New York cross appeals from a judgment of the Court of Claims (Lengyel, J.), dated October 2, 1989, which, after a nonjury trial, is in favor of the claimant and against the State in the principal sum of $125,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the claim is dismissed.

The claimant's mother, Beulah Whidbee, was admitted as an in-patient at the Rockland Psychiatric Center on April 28, 1987. On May 7, 1987, a physical fight broke out between Beulah Whidbee and Hope Williams, another patient at the hospital, in a dayroom. Members of the hospital staff separated the patients and Hope Williams was sent to the T.V. room. Shortly thereafter, the two patients were found in the dayroom, fighting again, and Hope Williams struck Beulah Whidbee in her left eye. The severe injuries which resulted from this incident necessitated the subsequent surgical removal of Beulah Whidbee's eye. Hope Williams also struck a therapy aide in the left breast as the aide attempted to end the second altercation. As a result, the aide was unable to work for about four weeks.

The instant claim is grounded upon the alleged negligent failure of the State to adequately supervise Beulah Whidbee and to thereby protect her from reasonably foreseeable harm. We find that the claimant did not sustain her burden of proving that this incident was foreseeable and that it would not have happened but for the negligence of the hospital employees who were agents of the State.

It is well established that the State owes patients in its institutions a duty of reasonable care to protect them from injury whatever the source (see, Killeen v State of New York, 66 NY2d 850, 851; Goble v State of New York, 123 AD2d 664). Although the claimant submitted proof that Beulah Whidbee was aggressive and highly agitated and that her behavior gave rise to the need to place her in seclusion several times during the time that she was a patient at the hospital, the record was devoid of any evidence referring to a history of assaultive conduct on Williams' part (cf., Goble v State of New York, supra; Evans v State of New York, 117 AD2d 581, 582). Nor is there any factual basis on this record to conclude that the State had actual knowledge of Hope Williams' dangerous proclivities, or that the second altercation was anything more than an unanticipated independent act on Williams' part. We find no causation between the State's alleged negligent supervision of Beulah Whidbee and the injuries she sustained.

In view of our determination, we need not reach the claimant's contention that the damages awarded were inadequate. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.