■ ANNIE NELSON, as Administratrix of the Estate of JESSIE SLEDGE, Deceased, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [654 NYS2d 378] —Judgment, Supreme Court, New York County (Marylin Diamond, J., and a jury), entered January 24, 1996, awarding plaintiff damages in the principal amount of $1.4 million, after apportioning liability 70% against defendant, plus costs, disbursements and interest of 6%, unanimously modified, on the law, to award interest of 3%, and otherwise affirmed, without costs.

Although the record is not dispositive of the extent of the decedent's dementia, there was sufficient evidence of some dementia to have placed defendant hospital on constructive notice that the decedent's continued possession and use of a cigarette lighter to light her cigarettes posed a potential danger to herself and others. Although the fact of some dementia would not by itself impose a duty on the hospital to confiscate the lighter (compare, Gunnarson v State of New York, 95 AD2d 797), it did require the hospital, in its custodial supervisory capacity, to evaluate any safety issues posed by the decedent's possession of a cigarette lighter. It is foreseeable that a patient with impaired decision-making capabilities might use a lighter in a manner inconsistent with its intended use, and cause a fire with resulting burn injuries.

We find no basis to reapportion liability or to reduce the award, which does not deviate materially from what is reasonable compensation under the present circumstances (CPLR 5501 [c]; cf., e.g., Gallo v Supermarkets Gen. Corp., 112 AD2d 345; Tabone v State of New York, 116 Misc 2d 864), considering the decedent's immediate conscious suffering at the time of the accident, and subsequent conscious suffering for at least $2^1/2$ weeks before she lapsed into a coma and died.

Although the failure to challenge the computation of interest in the main brief could be deemed a waiver of that point (see, DeMeo v New York City Tr. Auth., 174 AD2d 596), we exercise our statutory authority under CPLR 5019 (a) to correct the court's uncontested application of the wrong interest rate (see, Kiker v Nassau County, 85 NY2d 879, 881), which should be 3% rather than 6% for this judgment not involving a wrongful death claim (McKinney's Uncons Laws of NY § 7401 [5] [New York City Health and Hospitals Corporation Act § 20 (5); L 1969, ch 1016, § 1, as amended]).

We have examined defendant's remaining contentions and find no other basis to disturb the judgment. Concur—Rosenberger, J. P., Wallach, Williams and Andrias, JJ.