■ MICHAEL J. SCHEIR, Respondent, v CHRISTOPHER LAUENBORG, Defendant, and SOUTHLAND CORPORATION, Doing Business as 7/11 and or 7-ELEVEN, et al., Appellants. [722 NYS2d 63] —In an action to recover damages for personal injuries, the defendants Southland Corporation, d/b/a 7/11 and/or 7-Eleven, and Texland Properties Corp. appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated May 22, 2000, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff was in a convenience store parking lot when he was approached by a group of approximately 15 people. He allegedly was hit in the head and repeatedly kicked by the defendant Christopher Lauenborg until he blacked out. He commenced this action to recover damages for his alleged personal injuries, asserting, *inter alia,* that the defendant store franchisor, Southland Corporation, d/b/a 7/11 and/or 7-Eleven, and the defendant property owner, Texland Properties Corp. (hereinafter the appellants), negligently failed to provide adequate security.

In support of their motion for summary judgment dismissing

the complaint insofar as asserted against them, the appellants established that even if they had control of the premises, the harm to the plaintiff was not foreseeable. In opposition, the plaintiff submitted evidence of prior criminal incidents on the premises. However, this evidence failed to raise an issue of fact as those incidents were not similar to the assault on the plaintiff (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-520; *Maruffi v King Kullen Grocery Co.,* 274 AD2d 421; *Lindskog v Southland Rest.,* 160 AD2d 842). The affidavit of the plaintiff's expert was conclusory and insufficient to raise a triable issue of fact (*see, Fhima v Maimonides Med. Ctr.,* 269 AD2d 559). Therefore, the motion should have been granted. O'Brien, J. P., Friedmann, H. Miller and Schmidt, JJ., concur.