(April 28, 2003)

■ GLORIA ACOSTA et al., Appellants, v MEC REALTY, Respondent. [760 NYS2d 505] —In a consolidated action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated March 6, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs' decedents were shot and fatally wounded during an armed robbery of a store owned by the defendant. The plaintiff Eric Caraballo was the sole survivor of the incident, which occurred after the store was closed for the evening. The plaintiffs commenced this action to recover damages for wrongful death and personal injuries, alleging that the defendant negligently failed to provide adequate security. After discovery, the defendant successfully moved for summary judgment dismissing the complaint, and the plaintiffs appeal. We affirm.

The defendant established its entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise an issue of fact as to whether the armed robbery and

murders were foreseeable. Caraballo's vague testimony regarding two or three prior robberies at the store and generalized concern about neighborhood crime was insufficient to raise a triable issue of fact (*see Scheir v Lauenborg*, 281 AD2d 530 [2001]; *Green v Grand Baldwin Assoc.*, 247 AD2d 511 [1998]; *Sweeney v Port Auth. of N.Y. & N. J.*, 242 AD2d 569 [1997]; *Ospina v City of New York*, 214 AD2d 551 [1995]; *Rozhik v 1600 Ocean Parkway Assoc.*, 208 AD2d 913 [1994]).

Further, the evidence in the record does not demonstrate that the assailants gained access to the store as a result of inadequate security. Therefore, the plaintiffs failed to raise an issue of fact as to whether an act or omission of the defendant, if any, was a proximate cause of their injuries (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550-551 [1998]; *Varghese v Singh*, 265 AD2d 322 [1999]). Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.