■ WAHEID MOHMAND, Appellant, v SHORENSTEIN REALTY INVESTORS Two, LP, Respondent, et al., Defendant. [762 NYS2d 900] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated August 27, 2002, which granted the motion of the defendant Shorenstein Realty Investors Two, LP, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

"To recover damages from an owner of real property for injuries caused by the acts of criminals on the premises, a plaintiff must produce evidence indicating that the owner knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises" (*Farrell v Vega*, 303 AD2d 716, 716-717 [2003]; *see Jacqueline S. v City of New York,* 81 NY2d 288 [1993]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507 [1980]). Contrary to the plaintiff's contention, evidence that a vehicle had once been stolen from the premises and a security guard's observation of individuals engaging in suspicious behavior several days before the plaintiff was assaulted, did not provide the defendant property owner with such notice of prior criminal activity as would make the assault foreseeable *(see Acosta v MEC Realty,* 304 AD2d 778 [2003]; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149 [1999]; *Durham v Beaufort,* 300 AD2d 435 [2002]; *Pascarelli v LaGuardia Elmhurst Hotel Corp.,* 294 AD2d 343 [2002]). Furthermore, there is no triable issue of fact as to whether the defendant property owner breached its duty to take minimal security precautions against foreseeable criminal acts *(see James v Jamie Towers Hous. Co.,* 99 NY2d 639 [2003]; *Scheir v Lauenborg,* 281 AD2d 530 [2001]). Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.