■ JOHN ZERBA et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [774 NYS2d 731]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Bruno, J.), dated April 11, 2003, which granted the motion of the defendant New York City

Health and Hospitals Corporation for summary judgment dismissing the complaint insofar as asserted against it, and dismissed the complaint insofar as asserted against that defendant.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs were New York City police officers who had escorted a prisoner to the Kings County Hospital Psychiatric Ward for an evaluation. The plaintiffs allegedly asked employees of the defendant New York City Health and Hospitals Corporation (hereinafter HHC) to restrain the prisoner when he became violent while the police officers were guarding him. The plaintiffs claim that they were injured when they had to physically subdue the prisoner after he attacked them.

The Supreme Court properly granted HHC's motion for summary judgment dismissing the complaint insofar as asserted against it. Contrary to the plaintiffs' contentions, HHC's employees had no duty to protect them from an assault committed by the prisoner while in the plaintiffs' custody. No special relationship existed between HHC and the prisoner, or HHC and the plaintiffs, such that HHC had a duty to control the prisoner's conduct (see Purdy v Public Adm'r of County of Westchester, 72 NY2d 1, 8 [1988]), or to protect the plaintiffs from him (see Pulka v Edelman, 40 NY2d 781, 784 [1976]). Nor can liability be predicated on the common-law duty of a landowner to control the conduct of third persons on its premises. We agree with the Supreme Court that the evidence established that the prisoner was at all times within the custody and under the supervision of the plaintiffs (see e.g. D'Amico v Christie, 71 NY2d 76, 85 [1987]; N.X. v Cabrini Med. Ctr., 97 NY2d 247 [2002]). Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.