■ DAVID R. BROWNE, Appellant, v GMRI, INC., Doing Business as RED LOBSTER #38, Respondent, et al., Defendant. [775 NYS2d 184]—

In a consolidated action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated August 5, 2003, as granted the motion of the defendant GMRI, Inc., doing business as Red Lobster #38, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent was shot and killed by the defendant Angelo Espinal while dining at a restaurant owned and operated by the defendant GMRI, Inc., doing business as Red Lobster #38 (hereinafter Red Lobster). The plaintiff commenced this action against Red Lobster, among others, and appeals from so much of an order as granted Red Lobster summary judgment dismissing the complaint insofar as asserted against it.

To recover damages from an owner of real property for injuries caused by the acts of third parties, a plaintiff must produce evidence indicating that the owner knew or should have known of the probability of conduct on the part of third persons

which was likely to endanger the safety of those lawfully on the premises (*see Jacqueline S. v City of New York,* 81 NY2d 288, 294-295 [1993]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507 [1980]). After Red Lobster established its prima facie entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact as to whether Red Lobster had notice of prior criminal activity on the premises as to make the shooting foreseeable. Although there were approximately five fistfights per year at this restaurant, these crimes were too dissimilar from the shooting to make it foreseeable (*see Acosta v MEC Realty,* 304 AD2d 778 [2003]; *Durham v Beaufort,* 300 AD2d 435 [2002]; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149 [1999]).

In addition, while landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property, an owner's duty to control the conduct of persons on its premises arises only when it has "the opportunity to control such persons and [is] reasonably aware of the need for such control" (*D'Amico v Christie,* 71 NY2d 76, 85 [1987]). Here, Red Lobster demonstrated that the plaintiff was injured "as a result of a spontaneous and unexpected criminal act of a third party" (*Cutrone v Monarch Holding Corp.,* 299 AD2d 388, 389 [2002] [internal quotation marks omitted]), and the plaintiff failed to raise a triable issue of fact in opposition (*see Scalice v King Kullen,* 274 AD2d 426 [2000]; *Woolard v New Mohegan Diner,* 258 AD2d 578 [1999]).

Thus, Red Lobster's motion for summary judgment was properly granted. Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.