■ AMORY SEPULVEDA et al., Appellants, v EMPIRE OF HEMPSTEAD, LLC, Defendant, and SULLIVAN AND CHARLES ENTERPRISE, LTD., Doing Business as MCS SECURITY, et al., Respondents. [774 NYS2d 825]—

In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated March 18, 2003, as granted the separate cross motions of the defendants Sullivan and Charles Enterprise, Ltd., doing business as MCS Security and FGP Heritage Square, Inc., sued herein as FGP County Estates, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs were injured on August 15, 1999, when they were shot by an unapprehended assailant or assailants outside a building then-owned by the defendant FGP Heritage Square, Inc., sued herein as FGP Country Estates, Inc. Security services were provided by the defendant Sullivan and Charles Enterprise, Ltd., doing business as MCS Security (hereinafter MCS). The plaintiffs commenced this action against, among others, the respondents, alleging, inter alia, that they failed to provide adequate security on the subject premises. The Supreme Court granted the respondents' separate motions for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

The respondents established that the actions complained of by the plaintiffs consisted of criminal actions by a third party, which actions were not reasonably foreseeable. The proof submitted by the plaintiffs in opposition thereto, while showing evidence of prior criminal incidents on the subject premises, failed to raise an issue of fact as to foreseeability, as the prior incidents were not similar to the drive-by shooting in the case at bar (*see Scheir v Lauenborg,* 281 AD2d 530 [2001]; *see generally Jacqueline S. v City of New York,* 81 NY2d 288 [1993]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507 [1980]). In any event, the causal connection between this criminal act on a public street and any alleged negligence on the part of the respondents is too attenuated, as a matter of law, to serve as a basis for liability (*see Allen v New York City Hous. Auth.,* 203 AD2d 313 [1994]; *Salvamoser v Pratt Inst.,* 150 AD2d 666 [1989]; *see also McPherson v New York City Hous. Auth.,* 228 AD2d 654 [1996]).

In addition, MCS had neither a common-law nor a contractual duty to protect the plaintiffs under the circumstances presented (*see Pascarelli v LaGuardia Elmhurst Hotel Corp.,* 294 AD2d 343 [2002]; *Haston v East Gate Sec. Consultants,* 259 AD2d 665 [1999]; *Bernal v Pinkerton's, Inc.,* 52 AD2d 760 [1976], *affd* 41 NY2d 938 [1977]). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.