■ Guo Hua Wang, Appellant, v Niles Lang, Defendant, and Charles H. Greenthal Management Corp., Respondent. (And a Third-Party Action.) [849 NYS2d 654]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated August 31, 2006, as granted the motion of the defendant Charles H. Greenthal Management Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that he was injured when, in the course of making a delivery to a tenant in an apartment building managed by the defendant Charles H. Greenthal Management Corp. (hereinafter Greenthal Management), he was assaulted in the lobby of the building by another tenant of that building. The owner or possessor of real property cannot be held to a duty to take protective measures unless it is shown that the owner or possessor knew or should have known from past experience " 'that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor' " (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519 [1980], quoting Restatement [Second] of Torts § 344, Comment *f*; *see Iannelli v Powers,* 114 AD2d 157, 161 [1986]). While the duty of the owner or possessor includes undertaking minimal precautions to protect visitors to the premises from reasonably foreseeable acts of third persons, it does not include protecting against unforeseeable and unexpected assaults (*see Kenner v T.J. Maxx,* 305 AD2d 547, 548 [2003]; *Martinez v Santoro,* 273 AD2d 448 [2000]). Greenthal Management established its entitlement to judgment as a matter of law by showing that it had no notice of any prior similar incidents such that it should have anticipated the alleged assault and protected the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged assault was foreseeable (*see Cutrone v Monarch Holding Corp.,* 299 AD2d 388, 389 [2002]; *Scalice v King Kullen,* 274 AD2d 426 [2000]).

Furthermore, contrary to the plaintiff's contention, Greenthal Management also met its burden of demonstrating that the plaintiff was not placed in a more vulnerable position by the discontinuance of the concierge's voluntary attempts to separate the combatants (*see Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522 [1980]). In opposition, the plaintiff failed to submit any evidence raising a triable issue of fact.

Accordingly, the Supreme Court properly granted the motion

of Greenthal Management for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.