■ WILLIAM ROBINSON, Appellant, v SACRED HEART SCHOOL, Respondent. [895 NYS2d 136]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 1, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 17, 2006, the then 11-year-old plaintiff allegedly sustained personal injuries when he was shot with a "BB gun" by an unknown assailant who had purportedly gained entrance to the defendant's school. The incident allegedly occurred at approximately 6:00 P.M., as the plaintiff was leaving an after-school basketball program. At his deposition, the defendant's principal testified that the school had doors with buzzers, an alarm

system, and cameras. Further, the principal testified that he had instructed the basketball coaches that all doors must be closed at the end of the school day, with access to the building only by buzzers. He had also instructed the coaches that only children on the basketball team were permitted in the building during practice.

The plaintiff commenced the instant action to recover damages for personal injuries. In the complaint, the plaintiff alleged, inter alia, that the defendant had "breached its duty to provide a safe environment." The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion. We affirm.

The plaintiff contends that the defendant, as the owner or possessor of property, failed to provide adequate security measures to restrict entry into the school building. A landowner has a general duty to maintain his or her property in a " 'reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Basso v Miller*, 40 NY2d 233, 241 [1976], quoting *Smith v Arbaugh's Rest., Inc.*, 469 F2d 97, 100 [1972], *cert denied* 412 US 939 [1973]; *see Preston v State of New York*, 59 NY2d 997, 998 [1983]). "Under this standard, a landlord has a duty to maintain minimal security measures, related to a specific building itself, in the face of foreseeable criminal intrusion" (*Miller v State of New York*, 62 NY2d 506, 513 [1984]; *see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519-520 [1980]; *Guo Hua Wang v Lang*, 47 AD3d 766, 767 [2008]). Considering the plaintiff's theory of "negligent security," the defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Bretstein v East Midwood Jewish Ctr.*, 265 AD2d 442, 443 [1999]; *Canela v Wavecrest Mgt. Team*, 241 AD2d 506 [1997]; *Hendricks v Kempler*, 156 AD2d 425 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the defendant was entitled to summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.