■ JUDITH ROYSTON, Appellant, v LONG ISLAND MEDICAL CENTER, INC., et al., Respondents, et al., Defendant. [917 NYS2d 253]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau

County (Murphy, J.), entered January 20, 2010, which granted the motion of the defendants Long Island Medical Center, Inc., Long Island Jewish Hospital, Inc., and Zucker Hillside Hospital, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that she was injured while visiting her son at a psychiatric unit of Zucker Hillside Hospital, when a patient slammed a door against her hand. She subsequently commenced this action against the patient, who is not a party to this appeal, and the defendants Long Island Medical Center, Inc., Long Island Jewish Hospital, Inc., and Zucker Hillside Hospital, Inc. (hereinafter collectively the hospital), alleging that the hospital knew or should have known of the patient's violent behavior and negligently failed to protect the plaintiff from such behavior. The Supreme Court granted the hospital's motion for summary judgment dismissing the complaint insofar as asserted against it.

A hospital, like any other property owner, has a duty to protect persons lawfully present on its premises, including patients and visitors, from the reasonably foreseeable criminal or tortious acts of third persons (*see Sandra M. v St. Luke's Roosevelt Hosp. Ctr.*, 33 AD3d 875, 878 [2006]). The owner or possessor of real property, however, cannot be held to a duty to take protective measures unless it is shown that the owner or possessor knew or should have known from past experience " 'that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor' " (*Guo Hua Wang v Lang*, 47 AD3d 766, 767 [2008], quoting *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]). The hospital established its entitlement to judgment as a matter of law by showing that it had no notice of any prior similar incidents or similar aggressive behavior by the patient such that it should have anticipated the alleged incident and protected the plaintiff from it (*see Guo Hua Wang v Lang*, 47 AD3d at 767; *Browne v GMRI, Inc.*, 6 AD3d 640, 641 [2004]; *see also Whidbee v State of New York*, 176 AD2d 798, 799 [1991]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the incident was foreseeable (*see Guo Hua Wang v Lang*, 47 AD3d at 767; *Browne v GMRI, Inc.*, 6 AD3d at 641).

Accordingly, the Supreme Court properly granted the hospital's motion for summary judgment. Dickerson, J.P., Leventhal, Hall and Austin, JJ., concur.