■ MANUEL ROBERTS, Respondent, v NOSTRAND HILLEL FOOD, INC., et al., Appellants. [935 NYS2d 635]—

"[A] landlord has a duty to maintain minimal security measures, related to a specific building itself, in the face of fore-seeable criminal intrusion" (*Miller v State of New York*, 62 NY2d 506, 513 [1984]; *see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519-520 [1980]).

The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the acts committed by the other customer against the plaintiff were not foreseeable. They had no knowledge or information about that customer that would put them on notice of his propensity to assault the plaintiff, nor any notice of prior similar incidents (*see Royston v Long Is. Med. Ctr., Inc.*, 81 AD3d 806, 807 [2011]; *Robinson v Sacred Heart School*, 70 AD3d 666, 667 [2010]; *Guo Hua Wang v Lang*, 47 AD3d 766, 767 [2008]; *Sepulveda v Empire of Hempstead*, 6 AD3d 603, 604 [2004]; *Scheir v Lauenborg*, 281 AD2d 530, 530-531 [2001]; *Lindskog v Southland Rest.*, 160 AD2d 842, 843 [1990]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Royston v Long Is. Med. Ctr., Inc.*, 81 AD3d at 807; *Robinson v Sacred Heart School*, 70 AD3d at 667; *Guo Hua Wang v Lang*, 47 AD3d

at 767; *Sepulveda v Empire of Hempstead*, 6 AD3d at 604; *Scheir v Lauenborg*, 281 AD2d at 531; *Lindskog v Southland Rest.*, 160 AD2d at 843).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.