Devine, J.
 

 Appeal from an order of the Supreme Court (Platkin, J.), entered December 22, 2016 in Albany County, which granted defendant’s motion for summary judgment dismissing the complaint.
 

 Plaintiff worked for an entity that provided residential care to developmentally disabled adults, and her work involved caring for those individuals. The residents required supervision and, should one be hospitalized, plaintiff or another in her position would be assigned to stay with him or her. A resident was hospitalized at defendant and, while plaintiff was tending to him on April 30, 2012, he became combative and injured her.
 

 Plaintiff thereafter commenced this action against defendant, alleging that it was negligent in failing to anticipate and take steps to protect her from the resident’s conduct. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and plaintiff appeals.
 

 We affirm. Defendant, “like any other property owner, has a duty to protect persons lawfully present on its premises, including patients and visitors, from the reasonably foreseeable criminal or tortious acts of third persons” (Royston v Long Is. Med. Ctr., Inc., 81 AD3d 806, 807 [2011]; see Maheshwari v City of New York, 2 NY3d 288, 294 [2004]). Accordingly, since “liability require [s] a showing that the wrongdoer’s conduct was foreseeable to the defendant” (Sandra M. v St. Luke’s Roosevelt Hosp. Ctr, 33 AD3d 875, 878 [2006]; see Maheshwari v City of New York, 2 NY3d at 294), defendant may “establish! ] its entitlement to judgment as a matter of law by showing that it had no notice of any prior similar incidents or similar aggressive behavior by the patient such that it should have anticipated the alleged incident and protected the plaintiff from it” (Royston v Long Is. Med. Ctr., Inc., 81 AD3d at 807; see Milton v I.B.P.O.E. of the World Forest City Lodge, #180, 121 AD3d 1391, 1392 [2014]; Schnorr v Emeritus Corp., 118 AD3d 1307, 1308 [2014]).
 

 Here, while plaintiff and her coworkers may have been aware of the resident’s history of assaultive conduct, there is nothing beyond the speculation of plaintiff and a coworker (her daughter) to suggest that anyone employed by defendant had a similar awareness. A nurse employed by defendant, who assisted in treating the resident, gave deposition testimony, in fact, in which she stated that defendant’s staff had only “informal” interactions with caretakers such as plaintiff and did not discuss a patient’s medical condition with them. Foreseeability would therefore depend upon the resident’s behavior while hospitalized and, in that regard, his hospital chart reflected that he refused to be examined by nurses and was “[a]gitated, physically and verbally abusive” during one attempted examination prior to the alleged assault. The deponent nurse authored that note and denied that it indicated threatening behavior, however, stating that “physically abusive” referred to little beyond an uncooperative patient who might push her hand away or flail about to resist an examination. The nurse had no recollection of the resident posing a danger to others and had no knowledge of him engaging in any physical altercation with the nursing staff. As such, an expert hospitalist opined that the information available to defendant would not have justified treating him as a threat to others. From these myriad threads, defendant satisfied its initial burden of showing that it could not have reasonably anticipated the attack on plaintiff (see Williams v Bayley Seton Hosp., 112 AD3d 917, 918 [2013]; Royston v Long Is. Med. Ctr., Inc., 81 AD3d at 807).
 

 Plaintiff attempted to rebut the foregoing and raise a question of fact with information contained in the records of her employer and an expert opinion based in part upon that information, but she failed to demonstrate that defendant was aware of that information and in a position to act upon it. Indeed, plaintiff and her coworker daughter both acknowledged that they did not know if defendant’s staff had been warned of the resident’s combative behavior before the assault at issue occurred. Thus, as plaintiff failed to raise a triable issue of fact, Supreme Court properly granted defendant’s motion for summary judgment dismissing the complaint.
 

 In light of the foregoing, we need not address the alternate ground for affirmance advanced by defendant.
 

 Peters, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, with costs.