Durand v South Nassau Hosp. (2019 NY Slip Op 04137)





Durand v South Nassau Hosp.


2019 NY Slip Op 04137


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-12771
 (Index No. 8340/13)

[*1]George A. Durand, appellant,
v
South Nassau Hospital, respondent.


George A. Durand, Freeport, NY, appellant pro se.
Bartlett, McDonough & Monaghan, LLP, Mineola, NY (Robert G. Vizza of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, racial discrimination, and false arrest, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher), dated December 15, 2016. The judgment, upon an order of the same court entered November 10, 2016, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that, on the Court's own motion, the notice of appeal from the order entered November 10, 2016, is deemed a premature notice of appeal from the judgment dated December 15, 2016 (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is affirmed, with costs.
On March 20, 2012, the plaintiff was admitted to South Nassau Communities Hospital, sued herein as South Nassau Hospital (hereinafter the hospital), for treatment of complications from diabetes. While the plaintiff was a patient at the hospital, he was assaulted by his roommate and allegedly sustained injuries. The plaintiff allegedly sustained other injuries as a result of medical treatment he underwent at the hospital. On May 9, 2012, the hospital determined
that the plaintiff could be safely discharged. When the plaintiff refused to leave the hospital, staff summoned security and then the police, who arrested the plaintiff for trespass.
The plaintiff, acting pro se, commenced this action against the hospital, inter alia, to recover damages for personal injuries, medical malpractice, racial discrimination, and false arrest. After discovery, the hospital moved for summary judgment dismissing the complaint. In support of its motion, the hospital submitted an affidavit of Maureen McGovern, the Director of Risk Management and the Patient Safety Officer, in which she averred: "I can . . . state that [the hospital] had no knowledge of any racial animosity or violent propensity of the other patient sharing the room with [the plaintiff]"; the other patient "was not known to anyone at the hospital to have previously attacked anyone or to have any improper racial bias, beliefs or motives"; and "from the time of his presentation until the time of the subject occurrence, the other patient did not argue with anyone, verbally assault, physically assault, or otherwise engage any patient, medical care provider, or other [*2]person in a confrontational manner while within the confines of [the hospital]." She further stated that following the incident, the hospital moved the plaintiff to another room, instead of moving the other patient, to prevent the other patient from becoming agitated, to prevent any further interaction between the plaintiff and the other patient, and to safeguard the plaintiff.
Furthermore, the hospital's medical expert affirmed that during the plaintiff's stay, the plaintiff's blood glucose levels were tested each day, that the normal range is 70 to 110, and that at no time did the plaintiff's blood glucose level drop below 85, and therefore was never below normal. The expert stated that the medical records did not show any overdose of medication, and the medications prescribed to the patient during the subject admission were appropriate. His diabetes medications "were appropriately adjusted in response to his blood glucose levels."
In her affidavit submitted in support of the hospital's motion, Rosemarie Keating, the hospital's Director of Case Management, averred that the plaintiff was "medically cleared for discharge by his treating doctors and by the physical therapist" but he refused to leave. After the plaintiff persisted, security and then the police were contacted, and the plaintiff was arrested for trespass.
In opposition to the hospital's motion for summary judgment, the plaintiff submitted his personal affidavit, and brief excerpts of his medical records.
In an order entered November 10, 2016, the Supreme Court granted the hospital's motion for summary judgment dismissing the complaint, and judgment was entered thereon in favor of the hospital. The plaintiff appeals.
The allegations relating to the assault by the other patient sound in ordinary negligence, and not medical malpractice (see generally Rice v Vandenebossche, 185 AD2d 336; De Leon v Hospital of Albert Einstein Coll. of Medicine, 164 AD2d 743, 750). The hospital demonstrated its prima facie entitlement to judgment as a matter of law on those causes of action by showing that it could not have reasonably foreseen the assault on the plaintiff by another patient, who was not known to be vicious and who had not previously shown any hostility toward any patient or employee (see Williams v Bayley Seton Hosp., 112 AD3d 917; Royston v Long Is. Med. Ctr., Inc., 81 AD3d 806).
A defendant seeking summary judgment with respect to allegations of racial discrimination must produce evidence that justifies its adverse action against the plaintiff on nondiscriminatory grounds (see generally Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 39). Here, the hospital demonstrated that it had a legitimate, nondiscriminatory explanation for changing the plaintiff's hospital room, instead of moving the other patient from the room. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the reasons asserted by the hospital were pretextual.
Further, the hospital established its prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action by demonstrating that its care of the plaintiff did not depart from accepted medical practice. The plaintiff, in opposition, did not raise a triable issue of fact (see Novick v South Nassau Communities Hosp., 136 AD3d 999).
Moreover, the hospital established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging false arrest by demonstrating that there was probable cause to arrest the plaintiff for trespass. In opposition, the plaintiff failed to raise a triable issue of fact (see Ball v Miller, 164 AD3d 728).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the hospital's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court