Garda v Paramount Theatre, LLC (2021 NY Slip Op 02278)





Garda v Paramount Theatre, LLC


2021 NY Slip Op 02278


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-09537
2019-03122
 (Index No. 70007/14)

[*1]John Garda, appellant, 
v
Paramount Theatre, LLC, et al., respondents (and a third-party action).


Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski and Jennifer A. Spellman of counsel), for appellant.
McGaw, Alventosa & Zajac, Jericho, NY (Ross P. Masler of counsel), for respondent Paramount Theatre, LLC.
Kennedys CMK, New York, NY (Elizabeth J. Streelman of counsel), for respondent Arrow Security, Inc.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Jennifer J. Bock and Sarah R. Gitomer of counsel), for respondent Paramount Theatre Security, LLC.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (David T. Reilly J.), dated July 30, 2018, and (2) an order of the same court (George Nolan, J.) dated February 15, 2019. The order dated July 30, 2018, denied the plaintiff's motion to impose sanctions against the defendant Paramount Theatre, LLC, for spoliation of evidence, and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it. The order dated February 15, 2019, insofar as appealed from, granted those branches of the separate motions of the defendants Arrow Security, Inc., and Paramount Theatre Security, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order dated July 30, 2018, is affirmed; and it is further,
ORDERED that the order dated February 15, 2019, is affirmed insofar as appealed
from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff commenced this consolidated action to recover damages for injuries that he allegedly sustained when he was assaulted by an unidentified assailant in the rear alleyway behind a live entertainment venue, operated by the defendant Paramount Theatre, LLC (hereinafter Paramount). The defendant Arrow Security, Inc. (hereinafter Arrow), provided security services to Paramount pursuant to a contract with the defendant Paramount Theatre Security, LLC (hereinafter Paramount Security). The plaintiff appeals from two orders, the first of which denied his motion to impose sanctions against Paramount for spoliation of evidence and granted Paramount's cross [*2]motion for summary judgment dismissing the complaint insofar as asserted against it, and the second of which granted those branches of the separate motions of Arrow and Paramount Security which were for summary judgment dismissing the complaint insofar as asserted against each of them. We affirm.
The plaintiff's motion to impose sanctions against Paramount for spoliation of evidence was properly denied, as the plaintiff failed to establish that Paramount had an obligation to preserve certain surveillance video footage which was overwritten in the ordinary course of business, or that the surveillance video footage would support the plaintiff's claim, such that its destruction was prejudicial to the plaintiff's case (see Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1033).
Paramount established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligence insofar as asserted against it by demonstrating that the assault on the plaintiff was sudden, unexpected, and unforeseeable (see Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192). Paramount also established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of General Obligations Law § 11-101, known as the Dram Shop Act, insofar as asserted against it (see Campbell v Lorenzo's Pizza Parlor, 172 AD2d 478, 479). In opposition, the plaintiff failed to raise a triable issue of fact (see Scharff v L.A. Fitness Intl., LLC., 139 AD3d 929, 930; Acosta v MEC Realty, 304 AD2d 778, 779).
Arrow and Paramount Security also established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them, and the plaintiff failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562).
The plaintiff's remaining contention is without merit.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court