Diliberto v New York Presbyt. Hosp.-WeilL Cornell Campus (2021 NY Slip Op 03546)





Diliberto v New York Presbyt. Hosp.-WeilL Cornell Campus


2021 NY Slip Op 03546


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 161510/13 Appeal No. 14008 Case No. 2020-04959 

[*1]Francis Diliberto Jr. et al., Plaintiffs-Respondents,
v
New York Presbyterian Hospital-WeilL Cornell Campus, Defendant-Appellant.


Keller, O'Reilly & Watson, P.C., Woodbury (Kevin W. O'Reilly of counsel), for appellant.
Decolator, Cohen & DiPrisco, LLP, Garden City (Carolyn M. Canzoneri of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 5, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiffs, New York City police officers, seek to recover damages for injuries they sustained in an altercation with a patient/prisoner whom they were guarding at defendant hospital. The patient/prisoner was in custody for violating an order of protection and resisting arrest, and had been brought to the hospital for treatment of a self-inflicted burn wound to his left leg. The hospital's medical records note the manner in which the burn wound was sustained, as well as the facts that the patient/prisoner was a suicide risk, had taken ecstasy, and had a history of "fits of rage," bipolar disorder and not taking his medication therefor, and amphetamine use. From the time plaintiffs first encountered the patient/prisoner, in the hospital's emergency room, until he was transferred, under their supervision, to the burn unit, both of the patient/prisoner's arms and both of his legs were handcuffed or shackled to the gurney or bed in which he lay.
The altercation occurred after a nurse employed by defendant asked plaintiffs to uncuff one of the patient/prisoner's hands and to leave the room while she examined and treated him; they complied. Several minutes later, the nurse left and told plaintiffs that she had let the patient/use the telephone. Plaintiffs reentered the room and told the patient/to get off the phone, to which he responded by cursing and spitting at them. While plaintiffs were trying to take the phone away from him, the patient/prisoner struck one of them on the hand and the other on the back of the head. Plaintiffs eventually removed the phone from the patient/'s possession and re-restrained him.
Plaintiffs testified that, when they first arrived at the burn unit from the emergency room with the patient/prisoner, they made sure that there was nothing within arm's reach of the patient/prisoner, "nothing that he could [use to] hurt himself, [or] hurt someone [else]." However, upon reentering the room after the nurse had left it, they observed that the base of the telephone was on the table next to the patient/'s bed.
The record presents issues of fact as to whether defendant knew or should have known that the patient/prisoner could use a telephone to harm himself or others and therefore that it should not give him access to such an object (see Nelson v New York City Health & Hosps. Corp., 237 AD2d 189 [1st Dept 1997], lv denied 91 NY2d 810 [1998]; McCreary v St. Luke's-Roosevelt Hosp. Ctr., 80 AD3d 499 [1st Dept 2011]; see generally Royston v Long Is. Med. Ctr., Inc., 81 AD3d 806 [2d Dept 2011]). Issues of fact also exist as to whether defendant reassumed custody and control of the patient/prisoner when its nurse asked plaintiffs to uncuff one of his hands and leave her alone with him (cf. Zerba v [*2]New York City Health & Hosps. Corp., 5 AD3d 679, 680 [2d Dept 2004]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021